IN

# THE SUPREME COURT

OF

# PENNSYLVANIA.

---

## MIDDLE DISTRICT—HARRISBURG 1868.

---

## Brecknock School District *versus* Frankhouser.

1. The Act of May 1st 1866 (Bounties), was not to compel payment to veterans merely on the ground of their credit to the township, but to enable them to receive bounties when they fell within the offer of bounties by the proper district.

2. Under the Act of 1866, the veteran must show that he enlisted under the offer, before a contract could be implied to pay him bounty.

May 4th 1868. Before THOMPSON, C. J., STRONG, READ, AGNEW and SHARSWOOD, JJ.

Error to the Court of Common Pleas of *Lancaster county :* to May Term 1867. No. 46.

This was an action of assumpsit, commenced June 1st 1866, by Christian Frankhouser against the School District of Brecknock Township. The declaration alleged that the defendant, in pursuance of the Act of May 1st 1866, relating to the payment of bounties to veteran volunteers, became indebted in $300 as bounty to the plaintiff as veteran volunteer, who enlisted and was mustered in, December 21st 1863, for three years, and was duly credited to the quota of Brecknock township, and was discharged on the 21st of June 1865, by general order No. 77.

The plaintiff's evidence showed that he was originally enlisted July 22d 1861, for three years, and discharged December 3d 1863, by reason of having re-enlisted as a veteran—and again honorably discharged June 21st 1865. There was no evidence of any agreement or offer of the district to pay bounties previously to the plaintiff's re-enlistment.

The court (Hayes, A. J.,) charged :—" That the suit might be maintained, if the evidence satisfied the jury, that in consequence of Frankhouser's re-enlistment and being credited to the township of Brecknock, that township was relieved from having one of her

(380)

[Brecknock School District v. Frankhouser.]

citizens drafted into the service, or, to avoid hiring another man by a bounty not less in amount than the plaintiff has demanded in this action. His re-enlisting, having himself credited to Brecknock, and serving, was a sufficient consideration to support an implied assumpsit on the part of the township and entitle the plaintiff to recover."

The verdict was for the plaintiff for $339 52. Judgment having been entered on the verdict, the defendant took out a writ of error.

The charge of the court, amongst other things, was assigned for error.

*W. R. Willon*, for the plaintiff in error, cited Act of May 1st 1866, Pamph. L. 114; Chitty on Cont. 28; Hassinger v. Solms, 5 S. & R. 4; Mifflin Township v. Learn, 3 P. F. Smith 180; Act of March 25th 1864, Pamph. L. 85; Speer v. Blairsville, 14 Wright 150; 3 Story Const. §§ 1374, 1593; Sharpless v. Philadelphia, 9 Harris 169; Providence Bank v. Billings, 4 Peters 514; Norman v. Heist, 5 W. & S. 173; Dartmouth v. Woodward, 4 Wheat. 519; Fletcher v. Peck, 6 Cranch 87; Menges v. Dentler, 9 Casey 495; Greenough v. Greenough, 1 Jones 489; McCartney v. Hoffman, 11 Harris 507; Const. of Penna., Art 2, § 7; Wharton v. School Directors, 6 Wright 359; Whiteside v. Lancaster, 5 Watts 152.

*J. B. Kauffman*, for defendant in error: Acts of 1866 and 1864, *supra;* February 27th 1865, Pamph. L. 208; Hester's Case, 2 W. & S. 416; Commonwealth v. Com'rs of Allegheny, 16 S. & R. 317; Speer v. Blairsville, Fletcher v. Peck, Sharpless v. Philadelphia, *supra;* Erie v. N. E. Railroad, 2 Casey 300.

The opinion of the court was delivered, May 14th 1868, by

AGNEW, J.—The question involved in this case was decided in the bounty cases determined at Philadelphia in January last. It was then held that the purpose of the Act of May 1st 1866 was not to compel the payment of bounties to veterans merely on the ground of their credit to the township, but was to correct the interpretation put upon the 12th section of the Act of 25th March 1864, by many of the local authorities, and to enable veterans to receive bounties when they fell within an offer of bounties by the proper district. Viewing the act as *in pari materia* with former bounty laws, and the system of bounties as wholly voluntary on part of the municipalities which offer them, we held that under the Act of 1866, the veteran must show that he enlisted under the offer before a contract could be implied to pay him a bounty. Testing the present case by these principles, the court below was in error. No bounty was offered by Brecknock township before the plaintiff re-enlisted. His re-enlistment in December 1863, was before the passage of the Act of March 1864, and evidently in view of the bounty offered by the Act of Congress, and the discharge from the remainder of his first term of service under that act. There was therefore not an element

[Brecknock School District *v.* Frankhouser.]

from which a contract could be implied to pay him a bounty. His credit to the township was an act of the government merely, in the distribution of the demands for military service, and created, of itself, no duty perfect or imperfect to pay him a bounty without an accepted offer of one.

Judgment reversed.